IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CV-342-BO

| | |
|---|---|
| VICKI L. BRITT, <br><br> Plaintiff, <br><br> v. <br><br> GERALD M. BAKER in his individual and official capacity as SHERIFF OF WAKE COUNTY, and UNKNOWN SURETY COMPANY, as surety, <br><br> Defendants. | **DEFENDANT GERALD M. BAKER'S ANSWER TO THE AMENDED COMPLAINT** |

**NOW COMES** Defendant Sheriff Gerald M. Baker ("Defendant Baker"), by and through undersigned counsel, and responds to Plaintiff's Amended Complaint filed herein and answers as follows:

### FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim against Defendant Baker in either his official or individual capacities for violation of Title VII of the Civil Rights Act and therefore, should be dismissed pursuant to Fed. R. C. P. Rule 12(b)(6).

### SECOND DEFENSE

Defendant Baker responds to the individually enumerated allegations contained in Plaintiff's Amended Complaint as follows:

### PARTIES AND JURISDICTION

1. The allegations contained in Paragraph 1 of the Amended Complaint are admitted, upon information and belief.

2. With regard to the allegations contained in Paragraph 2 of the Amended Complaint, it is admitted that Defendant Baker is, and was at all times relevant to this action, the Sheriff of Wake County. It is further admitted that Defendant Baker is an African American male, mentally competent, more than eighteen (18) years of age, and not in military service. Except as specifically admitted, the remaining allegations contained in Paragraph 2 of the Amended Complaint are denied.

3. The allegation contained in Paragraph 3 of the Amended Complaint are answered as follows:

    a. The allegations contained in Paragraph 3(a) of the Amended Complaint are admitted.

    b. The allegations contained in Paragraph 3(b) of the Amended Complaint are admitted, upon information and belief.

    c. The allegations contained in Paragraph 3(c) of the Amended Complaint are admitted, upon information and belief.

    d. The allegations contained in Paragraph 3(d) of the Amended Complaint are admitted, upon information and belief.

    e. The allegations contained in Paragraph 3(e) of the Amended Complaint are admitted, upon information and belief.

4. With regard to the allegations contained in Paragraph 4 of the Amended Complaint, it is admitted that Defendant Baker has in place a surety as required by law. Except as specifically admitted, the remaining allegations contained in Paragraph 4 of the Amended Complaint are denied.

5. The allegations contained in Paragraph 5 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 5 of the Amended Complaint are denied.

6. The allegations contained in Paragraph 6 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 6 of the Amended Complaint are denied.

## WAIVER OF IMMUNITY

7. Defendant Baker re-alleges and incorporates by reference the response to Paragraphs 1 through 6 as if fully set forth herein.

8. The allegations contained in Paragraph 8 of the Amended Complaint are denied.

9. The allegations contained in Paragraph 9 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 9 of the Amended Complaint are denied.

10. The allegations contained in Paragraph 10 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 10 of the Amended Complaint are denied.

11. The allegations contained in Paragraph 11 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 11 of the Amended Complaint are denied.

## FACTUAL ALLEGATIONS

12. Defendant Baker re-alleges and incorporates by reference the response to Paragraphs 1 through 11 as if fully set forth herein.

13. With regard to the allegations contained in Paragraph 13 of the Amended Complaint, it is admitted that Plaintiff was employed by the Wake County Sheriff's Office for thirteen (13) years. Except as specifically admitted, the remaining allegations contained in Paragraph 13 of the Amended Complaint are denied.

14. The allegations contained in Paragraph 14 of the Amended Complaint are admitted.

15. The allegations contained in Paragraph 15 of the Amended Complaint are denied.

16. The allegations contained in Paragraph 16 of the Amended Complaint are admitted.

17. The allegations contained in Paragraph 17 of the Amended Complaint are admitted, upon information and belief.

18. Defendant Baker is without information or knowledge sufficient to admit or deny the allegations in Paragraph 18 of the Amended Complaint, and therefore, the allegations in Paragraph 18 are denied.

19. With regard to the allegations contained in Paragraph 19 of the Amended Complaint, it is admitted that Defendant Baker received and acknowledged Plaintiff's written intent to retire. Except as specifically admitted, the remaining allegations contained in Paragraph 19 of the Amended Complaint are denied.

20. The allegations contained in Paragraph 20 of the Amended Complaint are admitted, upon information and belief.

21. With regard to the allegations contained in Paragraph 21 of the Amended Complaint, it is admitted that Plaintiff scheduled herself for overtime/off-duty. Except as specifically admitted, the remaining allegations contained in Paragraph 21 of the Amended Complaint are denied.

22. With regard to the allegations contained in Paragraph 22 of the Amended Complaint, it is admitted that Plaintiff's last day of employment with the Wake County Sheriff's Office was November 30, 2020. Except as specifically admitted, the remaining allegations contained in Paragraph 22 of the Amended Complaint are denied.

23. Defendant Baker is without information or knowledge sufficient to admit or deny the allegations in Paragraph 23 of the Amended Complaint, and therefore, the allegations in Paragraph 23 are denied.

24. Defendant Baker is without information or knowledge sufficient to admit or deny the allegations in Paragraph 24 of the Amended Complaint, and therefore, the allegations in Paragraph 24 are denied.

25. With regard to the allegations contained in Paragraph 25 of the Amended Complaint, it is admitted that Plaintiff scheduled herself for overtime/off-duty during her last week of employment leading to her retirement. Except as specifically admitted, the remaining allegations contained in Paragraph 25 of the Amended Complaint are denied.

26. With regard to the allegations contained in Paragraph 26 of the Amended Complaint, it is admitted that Sgt. Strombotne added Plaintiff's overtime shift scheduled for November 28, 2020, to the calendar. Except as specifically admitted, the remaining allegations contained in Paragraph 26 of the Amended Complaint are denied.

27. With regard to the allegations contained in Paragraph 27 of the Amended Complaint, it is admitted that Plaintiff sent an email to all WCSO Staff. The email is a written document which speaks for itself. Except as specifically admitted, the remaining allegations contained in Paragraph 27 of the Amended Complaint are denied.

28. Paragraph 28 of the Amended Complaint refers to a written document which speaks for itself and to which no response is required. To the extent a response is required, the allegations in Paragraph 28 of the Amended Complaint are denied.

29. Defendant Baker is without information or knowledge sufficient to admit or deny the allegations in Paragraph 29 of the Amended Complaint, and therefore, the allegations in Paragraph 29 are denied.

30. The allegations contained in Paragraph 30 of the Amended Complaint are denied.

31. Defendant Baker is without information or knowledge sufficient to admit or deny the allegations in Paragraph 31 of the Amended Complaint, and therefore, the allegations in Paragraph 31 are denied.

32. With regard to the allegations contained in Paragraph 32 of the Amended Complaint, it is admitted the while Plaintiff was en route to an off-duty shift, Plaintiff was instructed to return home. Except as specifically admitted, the remaining allegations contained in Paragraph 32 of the Amended Complaint are denied.

33. The allegations contained in Paragraph 33 of the Amended Complaint are admitted, upon information and belief.

34. The allegations contained in Paragraph 34 of the Amended Complaint are denied.

35. The allegations contained in Paragraph 35 of the Amended Complaint are denied.

36. The allegations contained in Paragraph 36 of the Amended Complaint are denied.

37. The allegations contained in Paragraph 37 of the Amended Complaint are denied.

38. With regard to the allegations contained in Paragraph 38 of the Amended Complaint, it is admitted that Defendant Baker instructed deputies to retrieve the WCSO patrol

6

Case 5:21-cv-00342-BO   Document 14   Filed 09/22/21   Page 6 of 13

vehicle assigned to Plaintiff. Except as specifically admitted, the remaining allegations contained in Paragraph 38 of the Amended Complaint are denied.

39. With regard to the allegations contained in Paragraph 39 of the Amended Complaint, it is admitted that Plaintiff was instructed to place the WCSO equipment assigned to her in the WCSO patrol vehicle. Except as specifically admitted, the remaining allegations contained in Paragraph 39 of the Amended Complaint are denied.

40. The allegations contained in Paragraph 40 of the Amended Complaint are denied for lack of information or knowledge of all events occurring in previous administrations.

41. With regard to the allegations contained in Paragraph 41 of the Amended Complaint, it is admitted that the Plaintiff repeatedly refused to return to WCSO's control the WCSO patrol vehicle and equipment that was assigned to Plaintiff. Except as specifically admitted, the remaining allegations contained in Paragraph 41 of the Amended Complaint are denied.

42. With regard to the allegations contained in Paragraph 42 of the Amended Complaint, it is admitted that the Plaintiff refused to return to WCSO's control the WCSO equipment assigned to Plaintiff. Except as specifically admitted, the remaining allegations contained in Paragraph 42 of the Amended Complaint are denied.

43. The allegations contained in Paragraph 43 of the Amended Complaint are denied.

44. Defendant Baker is without information or knowledge sufficient to admit or deny the allegations in Paragraph 44 of the Amended Complaint, and therefore, the allegations in Paragraph 44 are denied.

45. The allegations contained in Paragraph 45 of the Amended Complaint are denied.

46. The allegations contained in Paragraph 46 of the Amended Complaint are admitted, upon information and belief.

47. Defendant Baker is without information or knowledge sufficient to admit or deny the allegations in Paragraph 47 of the Amended Complaint, and therefore, the allegations in Paragraph 47 are denied.

48. The allegations contained in Paragraph 48 of the Amended Complaint are denied.

49. Paragraph 49 of the Amended Complaint refers to a written document which speaks for itself and to which no response is required. To the extent a response is required, the allegations in Paragraph 49 of the Amended Complaint are denied.

50. Paragraph 50 of the Amended Complaint refers to a written document which speaks for itself and to which no response is required. To the extent a response is required, the allegations in Paragraph 50 of the Amended Complaint are denied.

## **CLAIMS FOR RELIEF**

### **COUNT I**
### **(Violation of Title VII of the Civil Rights Act of 1964)**

51. Defendant Baker re-alleges and incorporates by reference the response to Paragraphs 1 through 50 as if fully set forth herein.

52. The allegations contained in Paragraph 52 of the Amended Complaint are denied.

53. The allegations contained in Paragraph 53 of the Amended Complaint are denied.

54. The allegations contained in Paragraph 54 of the Amended Complaint are denied.

55. The allegations contained in Paragraph 55 of the Amended Complaint are denied.

56. The allegations contained in Paragraph 56 of the Amended Complaint are denied.

57. The allegations contained in Paragraph 57 of the Amended Complaint are denied.

**EACH AND EVERY ALLEGATION CONTAINED IN PLAINTIFF'S AMENDED COMPLAINT, INCLUDING THE PRAYER FOR RELIEF, NOT SPECIFICALLY ADMITTED HEREIN, IS DENIED.**

### THIRD DEFENSE

Defendant has not deprived Plaintiff of any rights protected by Title VII.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any actions taken with respect to Plaintiff were based upon legitimate, non-discriminatory, non-retaliatory reasons unrelated to Plaintiff's race or any purported protected activity. Similarly, Plaintiff's race and purported protected activity were not a motivating, determining or substantial factor in any actions taken with respect to Plaintiff.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to exhaust administrative remedies and/or to comply with the statutory pre-requisites to bringing this action and, as a result, this Court lacks subject matter jurisdiction over Plaintiff's Title VII claim against Defendant.

### SIXTH DEFENSE

Plaintiff's claim under Title VII as alleged is barred to the extent that Plaintiff seeks to recover for events or circumstances which were outside the scope and/or not the subject of her EEOC Charge.

### SEVENTH DEFENSE

Plaintiff fails to state a claim upon which relief can be granted as to all or part of the allegations in Plaintiff's Amended Complaint.

## EIGHTH DEFENSE

Plaintiff has not suffered any legally cognizable injury or damage.

## NINTH DEFENSE

Defendant's actions were required by business necessity and were based on factors other than any purported protected activities or the race of Plaintiff.

## TENTH DEFENSE

Alternatively, any injuries or damages allegedly suffered by Plaintiff, which are denied, were the direct and proximate result of Plaintiff's own conduct. As a result, the employment action of which Plaintiff complains occurred solely as a result from her own actions.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that the doctrines of unclean hands, equitable estoppel, waiver, ratification and/or laches are applicable to the facts alleged.

## TWELFTH DEFENSE

Defendant alleged actions referenced in Plaintiff's Amended Complaint were valid, lawful, well supported by the evidence and sufficient to warrant any actions taken by Defendant.

## THIRTEENTH DEFENSE

In the alternative, Plaintiff's claim against Defendant and/or claims for damages against Defendant are barred, in whole or in part, by the doctrine of after-acquired evidence.

## FOURTEENTH DEFENSE

In the alternative, even if Plaintiff was subjected to unlawful conduct based on protected activity and/or race, which is expressly denied, Defendant exercised reasonable care to prevent and correct the actions which support Plaintiff's claim, and Plaintiff unreasonably failed to take advantage of Defendant's preventative or corrective opportunities to otherwise avoid harm. Thus,

any damages that Plaintiff suffered were the direct and proximate result of her own actions or inactions.

## FIFTEENTH DEFENSE

In the alternative, Defendant pleads, upon information and belief, that Plaintiff failed to exercise reasonable diligence and ordinary care to minimize her damages, and Defendant therefore pleads the doctrine of avoidable consequences and the defense of failure to mitigate damages, in whole or in part, Plaintiff's claim against Defendant.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred because Defendant did not subject Plaintiff to any form of unlawful or improper discrimination or retaliation.

## SEVENTEENTH DEFENSE

Plaintiff cannot establish that "but for" engaging in any alleged protected activity, she would not have suffered the adverse action about which she complains.

## EIGHTEENTH DEFENSE

Defendant pleads any and all applicable immunities, including governmental, official or otherwise in defense of Plaintiff's claims.

## ADDITIONAL DEFENSES

Defendant reserves the right to amend his Answer, to assert additional affirmative defenses and/or to bring in third parties as Plaintiff's claims are more fully disclosed during the course of this litigation.

**WHEREFORE**, having answered each and every allegation contained in Plaintiffs' Amended Complaint, Defendant Baker respectfully requests the Court as follows:

1. That Plaintiff's Amended Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6);

2. That Plaintiff have and recover nothing by way of her Amended Complaint;

3. That all costs, including reasonable attorney fees, be taxed to Plaintiff;

4. For a trial by of all issues of fact so triable; and

5. For such other and further relief as the Court may deem just and proper.

This the 22nd day of September 2021.

Respectfully submitted,

/s/ James R. Brown
James R. Brown
P. O. Box 550
Raleigh, N.C. 27602
Tel: (919) 856-6926
Fax: (919) 856-6874
E-Mail: James.Brown@wakegov.com
N.C. State Bar # 34465
*Attorney for Wake County Sheriff's Office*

/s/ Vanessa C. Duncan
Vanessa C. Duncan
P.O. Box 550
Raleigh, N.C. 27602
Tel: (919) 856-5410
Fax: (919) 856-6874
E-Mail: Vanessa.Duncan@wakegov.com
N.C. State Bar # 47673
*Attorney for Wake County Sheriff's Office*

/s/ Robert J. Lane
Robert J. Lane
P. O. Box 550
Raleigh, N.C. 27602
Tel: (919) 856-5380
Fax: (919) 856-6874
E-Mail: Robert.Lane@wakegov.com
N.C. State Bar # 53767
*Attorney for Wake County Sheriff's Office*

## CERTIFICATE OF SERVICE

The undersigned certifies to this Court that **DEFENDANT GERALD M. BAKER'S ANSWER TO THE AMENDED COMPLAINT** has been electronically filed with the Clerk of Court pursuant to E.D.N.C. Local Civil Rule 5.1(e), using the CM/ECF system, which will send notification of such filing to the following:

Bryan M. Sumner
434 Fayetteville St., Ste. 2530
Raleigh, NC 27601
Telephone: (919) 838-5295
Telecopier: (919) 838-5299
*Attorney for Plaintiff*

This the 22nd day of September 2021.

                                                        Respectfully submitted,

                                                       /s/ Robert J. Lane
                                                       Robert J. Lane
P. O. Box 550
Raleigh, N.C. 27602
Tel: (919) 856-5380
Fax: (919) 856-6874
E-Mail: Robert.Lane@wakegov.com
N.C. State Bar # 53767
*Attorney for Wake County Sheriff's Office*