IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-342-BO

| | | |
|---|---|---|
| VICKI L. BRITT, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| GERALD M. BAKER in his individual and | ) | |
| official capacity as SHERIFF OF WAKE | ) | |
| COUNTY, and UNKNOWN SURETY | ) | |
| COMPANY, as surety, | ) | |
|     *Defendants*. | ) | |

This cause comes before the Court on defendant's motion to dismiss [DE 12] plaintiff's amended complaint. Plaintiff responded to the motion, and it is now ripe for adjudication. For the reasons that follow, the motion to dismiss is granted.

## BACKGROUND

Plaintiff Vicki Britt, a White woman, worked for the Wake County Sherriff's Department for 14 years before her voluntary retirement as a Master Deputy Sheriff on November 30, 2020. Plaintiff alleges that she was discriminated and retaliated against because of her race in the week leading up to her retirement, in violation of Title VII of the Civil Rights Act. Plaintiff alleges that her job performance exceeded expectations and that she was qualified at all relevant times for her position. Plaintiff alleges that several other staff members retired around the same time as her, but that she was the only White retiree.

In July 2020, plaintiff hand-delivered her intent to retire on December 1, 2020 to defendant, Sheriff Baker. Plaintiff submitted all requisite paperwork to effectively retire on November 30, 2020. On November 23, a week before her last scheduled day of work, plaintiff volunteered for

overtime and off-duty assignments between November 24 and her last day on November 30. Plaintiff's off-duty time was approved and added to the calendar of her supervisor.

On or around November 25, plaintiff sent an email to all staff thanking them for the opportunity to be part of the team. In her email, she stated that good times were to come, referencing "the recent and ongoing plight of Law Enforcement officers in the wake of George Floyd's death and the [impact] the Covid-19" pandemic had on the department. Amended Complaint ¶ 29. Allegedly, Sheriff Baker became highly upset with plaintiff about this email and plaintiff alleges that he began to retaliate and discriminate against her as a result.

On November 26, Thanksgiving night, plaintiff was removed from the off-duty schedule allegedly at the direction of defendant. At some point, when plaintiff was already on her way to work, she was told to turn around because someone else would cover her shifts. Plaintiff alleges that no other officers were in fact available to cover the shifts and that this left certain posts short-staffed. Later, defendant allegedly instructed officers to retrieve plaintiff's gear and patrol car from her house. Plaintiff alleges that no other retiring Sheriff's Deputies were treated in this manner. Plaintiff refused to turn over her gear until her allotted appointment to do so on November 30. Plaintiff alleges that, had she turned in her gear, she would not have been able to attend her last day of work. Allegedly, county policies require a retiree to attend their last day of work to receive their full retirement benefits. Plaintiff alleges that she was later excluded from the customary retiree ceremony with the Sheriff.

On March 26, 2021, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On April 1, 2021, the EEOC issued a right-to-sue letter. Plaintiff brings a single claim of racial discrimination, disparate treatment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 against Sheriff Baker in his individual and

official capacity. Plaintiff originally filed her complaint in Wake County Superior Court. Defendant removed the case to federal district court on August 25, 2021. Defendant filed the instant motion to dismiss on September 22, 2021, alleging that plaintiff has failed to state a claim upon which relief can be granted.

## DISCUSSION

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The complaint must plead sufficient facts to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

First, the Court addresses whether Baker, in his individual capacity, is a proper defendant in this suit. Title VII prohibits employers from discriminating against individuals. 42 U.S.C. §

3

2000e-2(a)(1). Title VII does not authorize a remedy against non-employers or supervisors in their individual capacities. *See Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999); *White v. White*, No. 5:19-CV-467-BO, 2021 WL 2345352, at *2 (E.D.N.C. June 8, 2021). In North Carolina, "each county's sheriff is an 'employer' within the meaning of Title VII and must be named as a defendant in a Title VII suit. The sheriff is liable, however, in his official not his individual capacity." *White*, 2021 WL 2345352 at *2 (internal quotations and citation omitted). Therefore, Baker as an individual is not a proper defendant for a Title VII claim. Accordingly, the amended complaint fails to state a claim against defendant Baker in his individual capacity.

### Title VII Racial Discrimination and Disparate Treatment

Title VII prohibits employers from "discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's ... race." 42 U.S.C. § 2000e-2(a)(1). "An unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice". *Id.* at § 2000e-2(m). To prevail on a disparate treatment claim, plaintiff "must show: (1) membership in a protected class; (2) satisfactory work performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 207 (4th Cir. 2019).

"[A]n employment discrimination plaintiff need not plead a *prima facie* case of discrimination . . . . to survive respondent's motion to dismiss." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002). To survive a motion to dismiss, plaintiff must plausibly allege that defendant took adverse employment action against plaintiff because of her race. *See McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). "[T]he

4

motive to discriminate [may be] one of the employer's motives, even if the employer also had other, lawful motives for the decision." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 339 (2013) "However, empty allegations of a causal connection between an employee's sex and the alleged discrimination are insufficient to state a plausible claim." *Boney v. Trustees of Cape Fear Cmty. Coll.*, 366 F.Supp.3d 756, 765 (E.D.N.C. 2019).

An action is an "adverse employment action" if it "affect[s] employment or alter the conditions of the workplace." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62 (2006). Adverse employment actions can include "hiring, firing, failing to promote, ... [a] significant change in benefits," and "reassignment with significantly different responsibilities." *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 761 (1999). Tangible employment actions are cognizable when "the supervisor brings the official power of the enterprise to bear on subordinates." *Id.* at 762. A reassignment can be an adverse employment action when it results in "decrease in pay or benefits, loss of job title or supervisory responsibility, or reduced opportunities for promotion[.]" *Boone v. Goldin*, 178 F.3d 253, 255 (4th Cir. 1999). For a job reassignment to be considered an adverse employment action, "there must be some significant detrimental effect." *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007); *See Ray v. Int'l Paper Co.*, 909 F.3d 661, 670 (4th Cir. 2018).

Plaintiff raises three instances that she alleges are adverse employment actions. She alleges that at least two overtime or off-duty shifts were canceled around the Thanksgiving holiday, that plaintiff was asked to return her vehicle and equipment early, and that she was excluded from customary retiree honors with defendant Baker. The Court finds that none of these instances, which happened during plaintiff's last week of employment and had no impact on her retirement benefits, rise to the level of an adverse employment action. *See Boone*, 178 F.3d at 255. Plaintiff received

5

no change in benefits as a result of being denied over-time and off-duty assignments or for missing a retirement ceremony. Any change in benefits that might have resulted had plaintiff complied with the order to relinquish her gear early is too speculative to rise to the level of a "significant detrimental effect[,]" for plaintiff refused to comply. *See Holland*, 487 F.3d at 219.

Having several over-time and off-duty shifts diverted away from her could be considered an adverse employment action if it had a large impact on her pay or her benefits. However, plaintiff has not alleged that she was entitled to work off-duty or overtime shifts, especially in her last week at work. Plaintiff states that her request for overtime was approved and that she was scheduled, but she does not allege that she suffered serious adverse consequences as a result of being denied a few optional shifts. Plaintiff alleges that a prison was left short-handed, but that is not a detrimental effect on plaintiff. Plaintiff did not lose supervisory responsibility, opportunities for promotion, or her retirement benefits. Plaintiff may have been embarrassed by her alleged exclusion from the customary retirement ceremony, but this only alleges a "trivial harm[.]" *Burlington N. & Santa Fe Ry. Co.*, 548 U.S. at 68. Title VII does not set forth "a general civility code for the American workplace." *Oncale v. Sundowner Offshore Services, Inc.,* 523 U.S. 75, 80 (1998). Accordingly, the Court finds that plaintiff has not alleged an adverse employment action sufficient to state a claim of racial discrimination or disparate treatment.

**Title VII Retaliation**

Defendant seeks dismissal of plaintiff's claim for retaliation under Title VII. A claim of retaliation requires a plaintiff to show "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). Under Title VII, a protected activity includes a "participation activity" or an "opposition activity[.]" *Kubicko v.*

6

*Ogden Logistics Servs.*, 181 F.3d 544, 551 (4th Cir. 1999). An "[o]pposition activity encompasses utilizing informal grievance procedures as well as staging informal protests and voicing one's opinions in order to bring attention to an employer's discriminatory activities." *Id.* (quoting *Laughlin v. Metropolitan Wash. Airports Auth.*, 149 F.3d 253, 259 (4th Cir. 1998)); *see* 42 U.S.C. § 2000e-3(a). A participation activity includes "making a charge, testifying, or participating in any manner in a Title VII investigation, proceeding, or hearing." *Kubicko*, 181 F.3d at 551; *see* § 2000e-3(a).

"[U]nlike a substantive discrimination claim, the adverse action component of Title VII's antiretaliation provision is not limited to discriminatory actions that affect the terms and conditions of employment." *Williams v. Prince William Cnty., Va.*, 645 F. App'x 243, 244–45 (4th Cir. 2016) (internal quotations omitted). Plaintiff must show that the employment action might have "dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co.*, 548 U.S. at 68.

First, plaintiff fails to allege that she participated in a protected activity. Plaintiff alleges that defendant took retaliatory actions against her either as a result of her email or as a result of her refusal to return her vehicle and equipment. Plaintiff's email, though it may have touched upon sensitive topics, was not an opposition or a participation activity. *See Kubicko*, 181 F.3d at, 551. Plaintiff does not allege that her email publicly opposed any discrimination occurring within the office, nor was it participation in a Title VII investigation or proceeding. Plaintiff's amended complaint does not seem to allege that plaintiff's refusal to turn in her equipment was a oppositional activity meant to protest discrimination in the workplace. Rather, the facts in the complaint lead the Court to conclude that plaintiff was motivated not to turn in her equipment because of her

7

belief that she would not get her retirement benefits if she turned in her equipment early. Accordingly, plaintiff has failed to allege a protected activity.

Second, even if plaintiff could state a protected activity, she has not sufficiently alleged that she suffered an adverse employment action. The only challenged event that could have been retaliatory, based on its timing, would be plaintiff's alleged exclusion from the retirement ceremony. However, plaintiff fails to state any negative impact from being excluded from such a ceremony other than implied embarassment. She has not alleged facts that would lead to the conclusion that skipping the ceremony would dissuade a reasonable employee from reporting discrimination. *See Williams*, 645 F. App'x 243, 244–45. Accordingly, plaintiff has failed to allege an adverse employment action.

Plaintiff has failed to state facts sufficient to state a Title VII racial discrimination, disparate treatment, and retaliation claim. Accordingly, defendant's motion to dismiss is granted.

## CONCLUSION

Accordingly, defendant's motion to dismiss [DE 12] is GRANTED.

SO ORDERED, this __26__ day of July, 2022.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE